UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL GONZALES,<br><br>Defendant. | Case No.: 11-CR-2745-JM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>Docket No. 14 |

On April 20, 2011, Defendant Manuel Gonzales was arrested by a U.S. Border Patrol agent after entering the United States illegally. Shortly thereafter, Defendant was indicted under 8 U.S.C. §1326 (a) and (b) for entering the United States after being deported. Defendant now moves to dismiss his indictment, claiming his deportation was invalid. For the reasons stated below, Defendant's motion to dismiss his indictment is DENIED.

**I. BACKGROUND**

Defendant arrived in the United States in 1982. He became a lawful permanent resident in September of 1989, was married to a United States citizen, and has three children who are U.S. citizens. In 1990, Defendant was convicted of committing a lewd act upon a child under 14 years of age under Cal. Penal Code §288(a). In 2003, Defendant was issued a Notice to Appear for a removal hearing based on the felony conviction. The first removal hearing occurred in 2004, and the Immigration Judge ("IJ") granted relief under former 8 U.S.C. §1182(c) (§212(c) of the Immigration and Nationality Act ("INA")). The government appealed this decision to the Board of Immigration Appeals ("BIA"), which sustained the appeal because a §212(c) waiver was not available for a resident who was "removable pursuant to an aggravated felony removal charge that does not have a statutory counterpart among the grounds of inadmissibility," basing its decision on In re Leroy Nelson Blake, 23 I&N Dec. 722 (BIA 2005). In 2006, the IJ ordered Defendant removed based on the BIA's decision. According to Defendant, the IJ never informed him that he could have applied for an adjustment of status under 8 U.S.C. §1255(a) (INA §245(a)), which would have given him an opportunity to have the court reassess his §212(c) claim. Defendant now moves to dismiss his indictment based on that alleged flaw in the deportation proceeding.

**II. LEGAL STANDARD**

To collaterally attack a deportation under §1326(d), a defendant must demonstrate "(1) the alien exhausted any administrative remedies that may have been available to seek relief

1  against the order; (2) the deportation proceedings at which the order was issued improperly
2  deprived the alien of the opportunity for judicial review; (3) the entry of the order was
3  fundamentally unfair." 8 U.S.C. §1326(d).
4      Although Defendant argues he meets the first two requirements because of alleged
5  failures of the IJ, an argument to which the government has not responded, the parties focus on
6  whether the entry of the order was fundamentally unfair. The underlying order will be found
7  unfair only if (1) the defendant's due process rights were violated by defects in the deportation
8  proceeding, and (2) he suffered prejudice as a result of those defects. U.S. v. Ubaldo-Figueroa,
9  364 F.3d 1042, 1048 (9th Cir. 2004). To demonstrate prejudice, Defendant need not show he
10 would have been granted relief, but only that he had a plausible ground for relief. Id. at 1050. In
11 Ubaldo-Figueroa, the Ninth Circuit reversed the district court's denial of relief because the
12 defendant "could have sought §212(c) relief had his underlying removal hearing been
13 constitutionally adequate." Id. at 1051.
14     Defendant asserts that his due process rights were violated because his counsel at the
15 deportation hearing was ineffective. He also maintains that he suffered prejudice because there
16 was an avenue to relief that both his attorneys and the IJ failed to recognize: he could have
17 applied for §212(c) relief in conjunction with an application for adjustment of status under
18 §245(a).
19     As stated above, the BIA held that §212(c) relief was unavailable to Defendant. Section
20 212(c) is no longer in effect, but before its repeal, it provided for a waiver of certain grounds of
21 inadmissibility. In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that §212(c)
22 relief must continue to be made available to those who pled guilty to an aggravated felony while
23 §212(c) was still in effect. Though the language of the statute only referred to aliens in exclusion
24 proceedings, it was expanded by courts to be available to those in deportation proceedings as
25 well. However, to seek §212(c) relief at the time of Defendant's deportation proceeding, the

defendant was required to show (1) lawful unrelinquished domicile of seven years, and (2) that the "applicable ground for deportation was substantially identical to a ground for exclusion." U.S. v. Moriel-Luna, 585 F.3d 1191, 1200 (9th Cir. 2009).  Defendant admits that he did not meet the second requirement, but argues that he could have circumvented this problem by applying for an adjustment of status under INA §245(a).

To have been eligible for an adjustment of status under §245(a), Defendant would have been required to (1) make application for the adjustment; (2) have been eligible to receive an immigrant visa and be admissible to the United States for permanent residence; (3) and to have had an immigrant visa immediately available.  8 U.S.C. §1255(a).  The government's principal argument is that Defendant fails to meet the second requirement—i.e., that he was rendered inadmissible due to his conviction for an aggravated felony, sexual abuse, a crime of moral turpitude.[1]   Notwithstanding, Defendant relies principally on BIA precedent to argue that, had he been advised of the availability of §245(a) relief, it was plausible that the IJ would have granted him relief.

**III. DISCUSSION**

**A. Identical Ground of Inadmissibility**

As outlined above, the parties recognize that §212(c) relief is by its terms only available to aliens in exclusion proceedings.  Moreover, §212(c) was, at the time of Defendant's hearing, available only when the crime upon which deportation was predicated corresponded to a crime which would statutorily render one inadmissible under §212(a).  See Abebe v. Mukasey, 554 F.3d 1203, 1205 (9th Cir. 2009) (en banc).

---

[1] The government notes that some defendants who commit crimes of moral turpitude may nevertheless seek an adjustment of status through a waiver by use of 8 U.S.C. §1182(h) (INA §212(h)), but this was unavailable to Defendant because of his aggravated felony conviction.

Thus, Defendant would have been eligible for §212(c) relief if §212(a) contained a ground of inadmissibility comparable to his conviction for violation of Cal. Penal Code §288(a).[2] In sustaining the government's appeal of the IJ's original grant of the §212(c) waiver in this case, the BIA found that there was no statutory counterpart to a §288(a) violation, basing its decision on In re Leroy Nelson Blake, 23 I&N Dec. 722 (BIA 2005). This was later confirmed by the Ninth Circuit, Abebe v. Mukasey, 554 F.3d at 1204-1205, and Defendant does not dispute the nonexistence of a comparable ground of inadmissibility at the time of his deportation hearing. Given the state of the law at the time, Defendant's counsel acted within the standard of care and provided effective representation.

**B. Availability of Adjustment of Status**

Because there was no comparable ground of inadmissibility, the court must determine whether Defendant had any other plausible path to relief. He maintains that a waiver under §212(c) would have been available had he adjusted status using §245(a). However, Defendant has failed to demonstrate that then-existing BIA precedent would have provided him with a plausible path to relief by applying for an adjustment of status.

Defendant's argument relies principally on In re Greg Fabian Azurin, 23 I&N Dec. 695 (BIA 2005). In Azurin, the defendant was convicted of shooting at an occupied vehicle. Because the conviction made him removable and lacked a corresponding ground of inadmissibility, a §212(c) waiver initially seemed unavailable. However, the BIA held that the defendant could still demonstrate a showing of admissibility for purposes of an adjustment of

---

[2] On December 12, 2011, the Supreme Court rendered its decision in Judulang v. Holder, 565 U.S. __, 2011 WL 6141311 (2011), which effectively invalidated the "comparable-grounds" approach as a basis for denying §212(c) relief in deportation cases. Judulang, however, has no bearing on this case.

5

status under §245(a).[3] The court held that the defendant "should be permitted to submit his section 212(c) waiver request with his application for adjustment of status." Id. at 699.[4]

About one month after Azurin was decided, the BIA issued Blake, 23 I&N Dec. 722 (BIA 2005), the decision upon which the BIA based its reversal of the IJ's grant of §212(c) relief to Defendant. In Blake, the defendant had been convicted of sexual abuse of a minor. As in Azurin, the court rejected the defendant's argument that §212(c) relief was available, explaining that sexual abuse of a minor is a discrete category of offense not comparable to the general §212(a) section concerning crimes of moral turpitude.[5] Id. at 727-28. However, unlike Azurin, the Blake court did not go on to find that an adjustment of status could cure the problem; instead, it ordered removal. Similar to Blake, the Ninth Circuit has held that a Defendant convicted of violation of Cal. Penal Code §288(a) is ineligible for §212(c) relief. Abebe, 554 F.3d at 1204-1205. Also as in Blake, nowhere did Abebe indicate that the defendant could circumvent his ineligibility for a §212(c) waiver by applying for adjustment of status.

Thus, Defendant's argument that he had a plausible basis for relief under Azurin fails: Blake was decided after Azurin, and the facts of Blake adhere much more closely to those of the instant case. Both Blake and Defendant were convicted of a highly reprehensible crime involving acts of depravity on a helpless victim, and in both cases the BIA's decision precluded the availability of §212(c) relief based on that conviction.

---

[3] Here, Defendant has not explained exactly how he could have met §245(a)(2)'s admissibility requirement at the time of the deportation hearing.

[4] Defendant also cites U.S. v. Moriel-Luna, 585 F.3d 1191 (9th Cir. 2009), in support of the argument that §245(a) relief would have been available at his deportation hearing. Moriel-Luna is not directly on point, and does not demonstrate that the IJ or BIA would have declined to follow Blake had Defendant been informed of the potential for §245(a) relief. Moriel-Luna, like Azurin, was convicted of shooting at the occupants of a vehicle. Id. at 1194. Conversely, Blake and Defendant were both convicted of sexual abuse crimes.

[5] The Supreme Court's recent decision in Judulang, 565 U.S. __ , singled out Blake when invalidating the comparable-grounds approach. However, as discussed in footnote 2, supra, Blake was controlling BIA authority at the time of Defendant's deportation hearing.

In arriving at this conclusion, this court is mindful that the IJ initially granted relief, only to be reversed by the BIA because there was no comparable statutory ground of inadmissibility. Notwithstanding the initial analysis of the IJ, as well as the BIA determination not to address the underlying facts, it would appear highly improbable for a §212(c) waiver to have been granted on the merits and subsequently to have withstood appellate scrutiny.

**IV. CONCLUSION**

Defendant has not provided case law authority to support the claim that the BIA or the IJ would have declined follow <u>Blake</u> if Defendant had attempted to apply for adjustment of status under §245(a). In fact, the BIA did rely on <u>Blake</u> to deny relief, demonstrating its adherence to that precedent.

Defendant was not eligible to apply for a §212(c) waiver. Because he was ineligible for a waiver, he had no plausible grounds for relief at his deportation hearing, and the removal order was not fundamentally unfair. Thus, the motion to dismiss the indictment is DENIED.

**IT IS SO ORDERED.**

DATED: January 9, 2012

_____
**Jeffrey T. Miller**
**United States District Judge**